UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHIAS JIMMY FRANCOIS | CIVIL ACTION |
| VERSUS | NO. 10-4265 |
| CITY OF GRETNA | UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY |

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. No. 19)** filed by the plaintiff, Matthias Jimmy Francois.[1] He seeks summary judgment in his favor and against the defendant, the City of Gretna, finding that an unidentified nurse at the Jefferson Parish Community Correctional Center ("JPCCC") failed to examine him and provide him with medical attention for injury to his rectum allegedly caused by Officer Arabie.[2]

The City of Gretna opposes the motion arguing that Francois has presented the same argument already raised in his prior motion for summary judgment.[3] The City of Gretna, therefore, adopts the response filed in opposition to Francois's prior motion for summary judgment. Francois, however, has not previously filed a motion summary judgment in this case. The City of Gretna is

---

[1]This matter is before the Court upon consent of the parties pursuant to 28 U.S.C. § 636(c). Rec. Doc. Nos. 16, 17.

[2]Officer Arabie is a defendant in a related civil rights suit, Civ. Action No. 10-1330, which is also awaiting trial before the Court.

[3]Rec. Doc. No. 20.

apparently referring to the opposition filed by the defendants in Francois's other pending civil rights case, Civ. Action No. 10-1330"KWR." This is confirmed by the record document references included by the defendant which match the record documents in the other case. The City of Gretna is not a defendant in the other case and has not before been called upon to respond to a summary judgment motion by Francois.

The Court cannot locate a procedural mechanism by which it can take notice of and apply an opposition filed by other parties in a different case, when the responding defendant was not a party in that other case and the cases are not consolidated. Nevertheless, having reviewed the record and the motion filed by Francois, the Court finds the motion is without merit.

I.     **Factual Background**

Francois filed this *pro se* civil rights complaint against the City of Gretna.[4] He alleges that, on April 5, 2010,[5] Gretna Police Officer Arabie sought his consent to search his person for crack cocaine. After telling the officer he did not have any, Officer Arabie handcuffed Francois and choked him with both hands until Francois fell unconscious. Francois alleges that, when he awakened, Officer Arabie had two fingers inside of his rectum and told Francois that he was searching for crack cocaine. Francois claims that he began to bleed from his rectum and asked for medical attention. Officer Arabie drove him to the JPCCC and told him to ask them for medical attention.

---

[4] Rec. Doc. No. 3.

[5] *See* Rec. Doc. No. 18, 21.

Francois claims that he told a nurse at JPCCC what had occurred. He claims that she could only write a report, and she did not provide him with care or look at his injury. He claims that Officer Arabie's actions caused him to suffer physical and mental trauma.

He further argues that Chief Arthur Lawson should have known that calling for more aggressive policing would give a "green light" for officers to stop and question people without probable cause and abuse, insult, and falsely arrest people. He argues that the City of Gretna, through its mayor and city council, is ultimately responsible for the policies and procedures at the Gretna Police Department that led to the threats to and abuse of his person. He seeks $50 million from the City of Gretna for violation of his civil rights.

## II.     Standards of Review

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Fields v. City of Southern Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). The Court's task is not to resolve disputed issues of fact, but to determine whether there exists any factual issues to be tried. *See Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). In making this determination, all of the facts must be viewed in the light most favorable to the nonmoving party. *Id.* at 248.

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party carries its burden of proving that there is no material factual dispute, the burden

shifts to the nonmovant "to show that summary judgment should not lie." *Hopper v. Frank*, 16 F.3d 92, 96 (5th Cir. 1994).  While the court must consider the evidence with all reasonable inferences in the light most favorable to the nonmovant, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.  *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the material facts." *Id.*

Instead, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue of fact for trial." *Celotex Corp*, 477 U.S. at 324.  If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  *See Szabo v. Errisson*, 68 F.3d 940, 942 (5th Cir. 1995); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994).

### III.   Analysis

Francois moves for summary judgment on the basis that the unidentified nurse at the JPCCC denied him medical care for the alleged injuries he received at the hands of Officer Abadie.  Francois makes clear that the purpose of his suit arises from the constitutional violations committed by Officer Arabie.  Under a broad reading, he now complains that all the nurse did was record his complaint and erred in her failure to exam him to record the extent of his injuries.

He, nevertheless, argues that the defendant's liability can be proven by the nurse's failure to provide medical care.  He claims that her denial of care was part of the policy of the City of Gretna, the chief of police, and the city council, to assist the police and medical staff in covering up

instances of brutality and medical malpractice. He claims that the lack of medical evidence allows the police to cover up the brutality and escape liability in a lawsuit.

He also contends that the Court needs to review the policies at JPCCC and the Gretna Police Department to determine whether Officer Arabie or the nurse complied with the policies. He claims that if the policies do not allow the nurse to do more than record the complaint, this will establish the real policies involved. He claims that his efforts to obtain the necessary proof were to no avail.

Local governing bodies, like the City of Gretna, are "persons" within the meaning of 42 U.S.C. § 1983 and therefore, are subject to suit under that provision. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). However, a governmental body may not be held vicariously liable for the actions of its employees; rather, it can be liable only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible." *Id.*

Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute an official policy. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.1984), *on reh'g*, 739 F.2d 993 (5th Cir. 1984); *see also Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County, Texas*, 981 F.2d 237, 245 (5th Cir.1993). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. *See*, *e.g.*, *Murray v. Town of Mansura*, 76 Fed. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 Fed. App'x 315, 316 (5th Cir.2003). A plaintiff also must allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury. *See Collins v. City of Harker Heights*, 503

U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds*, *Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986).

A review of the record and the motion presents nothing more than unsupported conjecture that a policy of covering-up police brutality and injuries existed at the JPCCC or under the direction of the City of Gretna. Francois himself indicates that he has been unable to obtain such a policy and does not have in his possession documents which would confirm the existence of such a policy.

Instead, through this motion, Francois seeks to have this Court simply acknowledge that a policy existed to hide the extent of his injuries caused by Officer Arabie's use of force. These are issues of fact which must be left for trial. Francois has not born his initial burden under Fed. R. Civ. P. 56. *See Celotex Corp.*, 477 U.S. at 323. He will have ample opportunity at trial to bring his evidence and witnesses to establish his claims against the City of Gretna, the only defendant in this particular case. Accordingly,

**IT IS ORDERED** that Francois's **Motion for Summary Judgment (Rec. Doc. No. 19)** is **DENIED**.

New Orleans, Louisiana, this 20th day of October 2011.

_____
  **KAREN WELLS ROBY**
  **UNITED STATES MAGISTRATE JUDGE**