UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHIAS JIMMY FRANCOIS | CIVIL ACTION |
| VERSUS | NO. 10-4265 |
| CITY OF GRETNA | UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY |

**ORDER AND REASONS**

Before the Court is a **Motion on Behalf of City of Gretna to Dismiss Proceeding Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (R. Doc. 37)** filed by the defendant, the City of Gretna, which was submitted without oral argument on February 1, 2012.[1] The City of Gretna seeks the dismissal of the plaintiff Matthias Jimmy Francois's 42 U.S.C. § 1983 claims against it for failure to state a claim for which relief can be granted. Francois has not filed an opposition to the motion.[2]

**I.  Factual Background**

Francois filed this *pro se* civil rights complaint against the City of Gretna.[3] He alleges that, on April 5, 2010,[4] Gretna Police Officer Arabie sought his consent to search his person for crack

---

[1]The Magistrate Judge is acting upon consent of the parties under 28 U.S.C. § 636(c). R. Doc. 16, 17.

[2]The Court notes that recent mail sent to Francois at his Florida address has been returned as undelivered. R. Doc. 38. Francois advised the court on the record in open court on January 10, 2012, that he was still living and receiving mail at that address and that the Court and the parties could continue to send him mail at that address.

[3]R. Doc. 3.

[4]*See* R. Doc. 18, 21.

cocaine. After telling the officer he did not have any, Officer Arabie handcuffed Francois and chocked him with both hands until Francois fell unconscious. Francois also alleges that, when he awakened, Officer Arabie had two fingers inside of his rectum and told Francois that he was searching for crack cocaine. Francois claims that he began to bleed from his rectum and asked for medical attention. He claims that Officer Arabie drove him to the JPCCC and told him to ask them for medical attention.

Francois claims that he told a nurse at JPCCC what had occurred. He claims that she could only write a report, and she did not provide him with care or look at his injury. He claims that Officer Arabie's actions caused him to suffer physical and mental trauma.

He further alleges that Gretna Police Chief Arthur Lawson should have known that calling for more aggressive policing would give a "green light" for officers to stop and question people without probable cause and abuse, insult, and falsely arrest people. He argues that the City of Gretna, through its mayor and city council, is ultimately responsible for the policies and procedures at the Gretna police department that led to the threats to and abuse of his person. He seeks $50 million from the City of Gretna for violation of his civil rights.

## II. Standards of Review

### A. Appropriate Standard to Address Defendants' Motion

The defendant has filed their motion seeking relief pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12, however, states that a motion raising defenses listed therein, including Rule 12(b)(6), "must be made *before* pleading if a responsive pleading is allowed." (emphasis added). The defendant has answered the original and amended complaint and this matter is moving forward to trial in April, 2012. The Rule 12(b)(6) motion to dismiss is untimely. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

Fed. R. Civ. P. 12(c), on the other hand, states that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." The defendant has not filed a motion captioned as one seeking judgment on the pleadings nor have they invoked Rule 12(c). However, the Court may construe an untimely Rule 12(b)(6) motion as one for judgment on the pleadings under Fed. R. Civ. P. 12(c). *Jones*, 188 F.3d at 324; Fed. R. Civ. P. 12(h)(2)(B); *see also*, *Quality Infusion Care Inc. v. Humana Health Plan of Texas, Inc.*, Nos. 07-20703, 07-20887, 2008 WL 3471861 (5th Cir. Aug. 13, 2008). In the interest of justice, the Court will consider the defendant's motion accordingly.

### B. Standard of Review under Fed. R. Civ. P. 12(c)

The standard for addressing a Rule 12(c) motion is the same as that used for deciding motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209-10 (5th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing a Rule 12(c) motion, the district court may look to the pleadings and any documents attached thereto. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002). The court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d at 210; *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949 (internal citation omitted). Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "[t]he plaintiff must plead enough facts to state a claim to relief that

is plausible on its face." *Guidry*, 512 F.3d at 180 (quotation marks omitted). The United States Supreme Court also has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 129 S.Ct. at 1949 (citations and quotation marks omitted).

In determining whether a complaint states a claim that is plausible on its face, the court "draw[s] on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. Thus, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged. *See Id*. Furthermore, the factual allegations must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III. <u>Analysis</u>

Local governing bodies, like the City of Gretna, are "persons" within the meaning of 42 U.S.C. § 1983 and therefore, are subject to suit under that provision. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). However, a governmental body may not be held vicariously liable for the actions of its employees; rather, it can be liable only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible." *Id.*

Furthermore, actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they act in execution of an official policy. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984), *on reh'g*, 739 F.2d 993 (5th Cir. 1984); *see also Bd.*

*of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos Cty., Tex.*, 981 F.2d 237, 245 (5th Cir.1993). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. *See*, *e.g.*, *Murray v. Town of Mansura*, 76 Fed. Appx. 547, 549 (5th Cir. 2003); *Treece v. La.*, 74 Fed. Appx. 315, 316 (5th Cir. 2003). A plaintiff also must allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds*, *Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986). Thus, "municipal liability under Section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Zarnow v. City of Whichita Falls, Tx.*, 614 F.3d 161, 166 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citation omitted)).

A policymaker is "one who takes the place of the governing body in a designated area of city administration." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). He or she must "decide the goals for a particular city function and devise the means of achieving those goals." *Bennett v. City of Slidell*, 728 F.2d 762, 769 (5th Cir. 1984). Francois has not identified or named as a defendant any particular policymaker with the authority to make policies on behalf of the City of Gretna.

Francois does claim that the police chief encouraged officers to stop people and engage in abusive behavior. He has pointed to nothing, however, to show that the police chief acted this way or imposed an official policy that could hold the City of Gretna responsible for his actions. As this

5

Court has already stated in its prior ruling, a review of the record demonstrates that Francois's claims are nothing more than unsupported conjecture.[5]

Francois, therefore, has not pointed to any policy promulgated by the City of Gretna, or the police chief, which led to the alleged violation of his constitutional rights. He also has not presented or referenced any such policy or provided any indication that the City of Gretna is responsible for any policies implemented within and by the police department or the police chief. *See Coleman v. Gillespie*, 424 Fed. Appx. 267, 271 (5th Cir. 2011). In addition, he has not established any particular pattern or practice condoned by the City of Gretna or its officials which would amount to an unconstitutional policy. *Webster*, 735 F.2d at 841. His speculation is not sufficient to be the foundation of a plausible claim under *Monell*. Francois's pleadings fail to overcome the burden under Fed. R. Civ. P. 12(c). Accordingly,

**IT IS ORDERED** that the **Motion on Behalf of City of Gretna to Dismiss Proceeding Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (R. Doc. 37)** is **GRANTED** and Francois's 42 U.S.C. § 1983 claims against the City of Gretna are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 15th day of February, 2012.

                              **KAREN WELLS ROBY**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[5] R. Doc. 22.